UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID EARL CRAWFORD,

        Petitioner,

  v.

CHERYL EPLETT,[1]

        Respondent.

Case No. 21-cv-723-pp

---

**ORDER SCREENING *HABEAS* PETITION**

---

On June 14, 2021, the petitioner, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2015 conviction in Milwaukee County Circuit Court for first-degree reckless homicide and possessing a firearm as a felon. Dkt. No. 1. The petitioner has paid the $5.00 filing fee. This order screens the petition, allows the petitioner to proceed and orders the respondent to answer or otherwise respond.

**I.    Background**

The petition refers to Milwaukee County Case No. 2015-CF-2074. Dkt. No. 1 at 1. The court has reviewed the publicly available docket for that case.

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is incarcerated at Oshkosh Correctional Institution. https://appsdoc.wi.gov/lop/home.do. This order lists Warden Cheryl Eplett as the respondent.

1

See State v. David Earl Crawford, Milwaukee County Case No. 2015CF002074 (available at https://wcca.wicourts.gov). It shows that on January 12, 2017, a Milwaukee County jury found the petitioner guilty of one count of first-degree reckless homicide and one count of possessing a firearm as a felon. Id. Two months later, the circuit court sentenced the petitioner to forty years of initial confinement followed by twelve years of extended supervision. Id. The clerk entered judgment the next day. Id. On August 22, 2018, the petitioner's appellate counsel filed a no-merit report in the Wisconsin Court of Appeals. Id.; see also State v. David Earl Crawford, Appeal No. 2018AP001632 (available at https://wscca.wicourts.gov). A year later, the court of appeals summarily affirmed the petitioner's conviction. Crawford, Milwaukee County Case No. 2015CF002074.

On November 12, 2019, the petitioner filed a Wis. Stat. §974.06 postconviction motion in the circuit court. Id. Three weeks later, the court denied the motion. Id. On January 27, 2021, the court of appeals summarily affirmed the circuit court's order denying postconviction relief. Id. A month later, the Wisconsin Supreme Court construed the petitioner's February 11, 2021 filing as a "timely but nonconforming petition for review." Id. On May 19, 2021, the court denied review. Id.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing Section 2254 Cases provides:

If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may be unable to consider the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

3

B. <u>Analysis</u>

The petition asserts three grounds for relief: (1) ineffective assistance of appellate counsel, (2) insufficiency of the evidence and (3) a due process violation. Dkt. No. 1 at 5-9. The petitioner alleges claims generally cognizable on federal *habeas* review. <u>See</u> <u>Thompson v. Vanihel</u>, 998 F.3d 762, 767 (7th Cir. 2021) (considering an ineffective assistance of appellate counsel claim on *habeas* review); <u>Kidd v. Gomez</u>, 2 F.4th 677, 680 (7th Cir. 2021) (considering a sufficiency of the evidence claim on *habeas* review); <u>Promotor v. Pollard</u>, 628 F.3d 878, 888 (7th Cir. 2010) (considering a due process claim on *habeas* review).

Based on the publicly available state court docket, the court has concerns regarding procedural default. But this stage, the court does not have the benefit of a full record, and cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on his grounds. The court will allow the petitioner to proceed and order the respondent to answer or otherwise respond.

**III. Conclusion**

The court **ORDERS** that the petitioner may proceed on the grounds stated in his *habeas* petition.

The court **ORDERS** that within sixty days the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue.

4

If the respondent files an *answer* to the petition, the petitioner should not object to that answer. Instead, the court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition (in this brief, the petitioner should explain why he believes the court should grant him the *habeas* relief he requests);

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition to the petition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date on which the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and

5

reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent).

The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Cheryl Eplett is the correct respondent.

Dated in Milwaukee, Wisconsin this 25th day of May, 2022.

         **BY THE COURT:**

         _____
         **HON. PAMELA PEPPER**
         **Chief United States District Judge**