UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID EARL CRAWFORD,

        Petitioner,

   v.                                    Case No. 21-cv-723-pp

CHERYL EPLETT,

        Respondent.

**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS (DKT. NO. 8)**

On June 14, 2021, the petitioner, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2015 conviction in Milwaukee County Circuit Court for first-degree reckless homicide and being a prohibited person in possession of a firearm. Dkt. No. 1. The court screened the complaint on May 25, 2022, dkt. no. 4, and the respondent subsequently filed a motion to dismiss, arguing that the petitioner has procedurally defaulted his claims, dkt. no. 7. The petitioner has not opposed the motion. This order grants in part and denies in part the motion to dismiss.

**I.    Background**

    A.    <u>State Case</u>

In January 2017, a Milwaukee County jury convicted the petitioner of first-degree reckless homicide and being a prohibited person in possession of a firearm. Dkt. No. 8-1; <u>see also</u> <u>State v. Crawford</u>, Milwaukee County Circuit Court, Case No. 2015CF002074 (available at https://wcca.wicourts.gov). Two

1

months later, the circuit court sentenced the petitioner to forty years of initial confinement followed by twelve years of extended supervision. Dkt. No. 8-1.

B. State postconviction proceedings

1. *No-merit report and Wisconsin Court of Appeals decisions*

On August 22, 2018, the petitioner filed a notice of appeal. Dkt. No. 8-6 at 4. On October 15, 2018, Attorney Angela Kachelski filed a no-merit report in the Wisconsin Court of Appeals. Dkt. No. 8-2. Attorney Kachelski opined that "[t]here [was] no merit to a claim that there was insufficient evidence to convict [the petitioner]." Dkt. No. 8-2 at 22. She explained:

> There were three eye witnesses who identified [the petitioner] as the shooter. Even though his brother-in-law testified that he did not see the shooter, he had made a statement to police that [the petitioner] was the shooter. There was a video of the shooting and although the face of the shooter was not shown, the person was the same build as [the petitioner] and wearing similar clothing. Additionally, the jury heard the testimony and version of events of [the petitioner] and found that the state's version was more credible.

Id. at 23. Attorney Kachelski concluded that "there [were] no avenues for appeal." Id. at 27.

A year later, the Wisconsin Court of Appeals summarily affirmed the petitioner's conviction. Dkt. No. 8-3. The appellate court explained that the petitioner had received a copy of the no-merit report, had been advised of his right to file a response and had elected not to do so. Id. at 2. It concluded that "there [was] no arguable merit to any issue that could be raised on appeal." Id. The court explained that it was "satisfied that the no-merit report properly analyzed the issues it raise[d] as being without merit." Id. at 3.

Three weeks later, on September 4, 2019, the petitioner filed a motion for reconsideration of the court of appeals' decision. Dkt. No. 8-4. The petitioner argued that he had not been made aware of the no-merit report until he

2

received the appellate court's order. Id. The petitioner stated that he planned to file his own motion and alleged that Attorney Kachelski had "sold [him] out" by not reviewing his court transcripts with him. Id. at 1-2. The Wisconsin Court of Appeals denied the motion. Dkt. No. 8-5. The court explained that the petitioner had received notice of the no-merit report on the day it was filed and that on November 11, 2018, the petitioner had asked the court "to take the no merit off [his] case." Id. at 2. The court recounted that in a November 16, 2018 order, it had explained to the petitioner that he could discharge his appointed counsel and proceed with retained counsel, and that in a December 17, 2018 order, the court had stayed the petitioner's appeal until March 22, 2019, giving him that time to retain counsel and file a response to the no-merit report. Id. The court also referenced a certification form attached by Attorney Kachelski to her no-merit report as evidence that she had discussed with the petitioner "potential issues identified and relative merits" and had informed the petitioner that "[he] could request transcripts and the circuit case record from counsel." Id. at 3. The petitioner did not file a petition for review in the Wisconsin Supreme Court of the appellate court's decisions. See State v. Crawford, Appeal No. 2018AP01632 (available at https://wscca.wicourts.gov/).

    2. *Section 974.06 postconviction motion*

On November 12, 2019, the petitioner filed in the circuit court a postconviction motion under Wis. Stat. §974.06. Crawford, Milwaukee County Case No. 2015CF002074. Three weeks later, the circuit court denied the motion. Dkt. No. 1-1 at 1. The court concluded that the petitioner had waived his claims under State v. Tillman, 281 Wis. 2d 157 (Wis. Ct. App. 2005) because he had failed to raise "all issues he believed had merit after the no merit report was filed." Id. The petitioner appealed the circuit court's denial of

3

the motion, arguing that (1) Attorney Kachelski was ineffective for filing a no-merit report; (2) the State had failed to prove the elements of the crimes for which he was charged; and (3) his due process rights had been violated. Dkt. No. 8-7 at 3. On January 26, 2021, the Wisconsin Court of Appeals summarily affirmed the circuit court's order denying postconviction relief, explaining that it agreed with the circuit court that the petitioner's claims were procedurally barred because the petitioner had failed to raise the claims during his "no-merit procedure" and because he had not sufficiently explained why he had failed to do so. Id. at 3-4.

On March 10, 2021, the petitioner filed a petition for review in the Wisconsin Supreme Court. Dkt. No. 8-8. On May 19, 2021, the court denied review. State v. Crawford, Appeal No. 2019AP002409 (available at https://wscca.wicourts.gov/).

### C. Federal *Habeas* Petition

On June 14, 2021, the petitioner filed this federal *habea*s petition. Dkt. No. 1. The petition asserts three grounds for relief: (1) ineffective assistance of appellate counsel, (2) insufficiency of the evidence and (3) a due process violation. Id. at 5-9.

## II. Respondent's Motion to Dismiss

### A. The Respondent's Arguments

Asking the court to dismiss the *habeas* petition, the respondent asserts that the petitioner procedurally defaulted his claims by failing to present them to the Wisconsin Supreme Court on direct appeal. Dkt. No. 8 at 6-7. The respondent explains that the petitioner "never gave the state supreme court the opportunity to decide on direct review whether the court of appeals erred when it held that there were no issues of arguable merit." Id. at 8. Citing Crockett v.

4

Butler, 807 F.3d 160 (7th Cir. 2015), the respondent contends that the petitioner's attempt to raise his claims in the Wisconsin Supreme Court for the first time on collateral review cannot cure the procedural default. Dkt. No. 8 at 8-9. The respondent explains that because on collateral review the court of appeals rejected the petitioner's claims for failing to raise them in a no-merit report response, and because the appellate court did not reach the merits, "[t]he Wisconsin Supreme Court could not reach the merits either unless it disagreed with the procedural ruling of the court of appeals." Id. at 9. The respondent argues that the petition for review would have had to explain why the court of appeals' procedural ruling was incorrect and why it warranted review—explanations the petitioner did not provide. Id. (citing Wis. Stat. §809.61 (1r) and Dkt. No. 8-8).

The respondent also asserts that the petitioner defaulted both his ineffective appellate counsel and due process claims by not presenting them in a response to the no-merit brief. Id. at 9-10. The respondent argues that under Wisconsin law, "a defendant's failure to raise claims in his pro se response to appointed counsel's no-merit brief on the direct appeal is a procedural default barring collateral review so long as the no-merit procedures set forth in *Anders*[1] and Wis. Stat. § (Rule) 809.32 were properly followed. . . ." Id. at 10. The respondent argues that under state law, the petitioner could not raise in a collateral challenge a new issue that he did not raise in response to a no-merit report unless he presented a "sufficient reason" to excuse his failure to do so. Id. at 11 (citing State v. Allen, 328 Wis. 2d 1, ¶¶4-5, 41, 59-61, 92-93 (Wis. 2010)). Because the petitioner did not challenge, in a *pro se* response to the no-merit brief, his appellate counsel's effectiveness or claim that he was denied

---

[1] Anders v. California, 386 U.S. 738 (1967).

5

due process, and did not provide a sufficient reason to excuse his failure to do so in his postconviction motion, the respondent maintains that the court must dismiss this federal petition because the court of appeals "properly applied an adequate and independent state procedural bar that precludes federal habeas relief." Id. at 14.

The respondent filed the motion to dismiss on July 25, 2022. Dkt. No. 7. The respondent also filed a supporting brief, dkt. no. 8, and attached to the brief a certificate of service attesting that on the same date—July 25, 2022— the respondent sent the motion to dismiss, the brief and the attached exhibits by U.S. Mail to the petitioner at Oshkosh Correctional Institution. Dkt. No. 8-9. The Wisconsin Department of Corrections inmate locator web site shows that the petitioner had been at Oshkosh Correctional since March 23, 2022—four months before the respondent filed the brief and sent it to the petitioner. https://appsdoc.wi.gov/lop/details/detail.

On July 26, 2022, the court issued an order requiring that by the end of the day on September 8, 2022, the petitioner must file his response to the motion to dismiss. Dkt. No. 9. The court explained that if it did not receive a brief in opposition to the motion by the end of the day on September 8, 2022, the court would consider the respondent's motion without any input from the petitioner and could decide to grant the motion. Id. It now has been almost sixteen months since the court issued that order. The order was not returned to the court as undeliverable. The DOC locator website shows that the petitioner remains at Oshkosh Correctional. The court has not received a brief—or anything else—from the petitioner since the court issued the order.

6

B.  <u>Analysis</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996, a person incarcerated under the judgment of a state court must exhaust available state-court remedies before a district court may consider the merits of a constitutional claim in a federal *habeas* petition. 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement gives the state court an opportunity to consider and correct alleged violations of the federal rights of persons who are incarcerated by the state. <u>Bolton v. Akpore</u>, 730 F.3d 685, 694 (7th Cir. 2013). To exhaust his claims, "[a] petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" <u>Weddington v. Zatecky</u>, 721 F.3d 456, 465 (7th Cir. 2013) (quoting <u>Villanueva v. Anglin</u>, 719 F.3d 769, 775 (7th Cir. 2013)). To comply with this requirement, the incarcerated person must "fairly present" the claim in each appropriate state court. <u>Bolton</u>, 730 F.3d at 694-95. "The failure to present fairly each habeas claim in state court 'leads to a default of the claim[s] and bar[s] the federal court from reviewing the claim[s'] merits.'" <u>Weddington</u>, 721 F.3d at 456 (quoting <u>Smith v. McKee</u>, 598 F.3d 374, 382 (7th Cir. 2010)). The courts call this circumstance "procedural default."

The respondent argues that because the petitioner failed to ask the Wisconsin Supreme Court for review of his direct appeal, and because the Wisconsin appeals court applied <u>State v. Escanola-Naranjo</u>, 185 Wis.2d 168 (Wis. 1994), as a procedural bar to the petitioner's claims on collateral review, the petitioner procedurally defaulted his claims because he never presented the merits of those claims to the Wisconsin Supreme Court. Understanding the respondent's argument requires a brief explanation of the "unusual" and

"'counterintuitive' complexity" of Wisconsin's criminal appeal and postconviction process. Garcia v. Cromwell, 28 F.4th 764, 771 (7th Cir. 2022) (quoting Carter v. Buesgen, 10 F.4th 715, 717-18 (7th Cir. 2021)).

After a defendant is convicted in a Wisconsin state court, Wisconsin criminal procedure requires the defendant to "file a motion for postconviction relief [under Wis. Stat. §974.02] . . . before a notice of appeal is filed unless the grounds for seeking relief are sufficiency of the evidence or issues previously raised." Wis. Stat. §809.30(2)(h). "If an issue is raised in the § 974.02 motion but relief is denied by the trial court, the defendant may then appeal to the Court of Appeals of Wisconsin." Page v. Frank, 343 F.3d 901, 906 (7th Cir. 2003).

After the time for filing an appeal or a §974.02 postconviction motion expires, the defendant may file a motion under Wis. Stat. §974.06, asking the court that imposed the sentence to vacate, set aside or correct the sentence. Wis. Stat. §974.06(1). The Escalona-Naranjo bar precludes a defendant from using a §974.06 motion to raise constitutional claims that could have been raised, but were not, in a §974.02 motion or on direct appeal absent a "sufficient" reason for the failure to do so. State v. Escanola-Naranjo, 185 Wis. 2d 168, 181-82 (Wis. 1994). In Tillman, the Wisconsin Court of Appeals applied the Escalona-Naranjo procedural bar, concluding that when a defendant could have, but did not, raise claims in response to a no-merit brief, "the defendant may not thereafter again raise those issues . . . absent the defendant demonstrating a sufficient reason for failing to raise those issues previously." 281 Wis.2d at 579.

Because the lower courts held that the Escalona-Naranjo bar precluded the petitioner from raising his claims in his §974.06 motion, and the petitioner

8

did not argue that procedural question in his subsequent petition for review to the Wisconsin Supreme Court, the respondent argues that the petition for review of the order denying the petitioner's §974.06 motion did not cure the petitioner's earlier procedural default. Dkt. No. 8 at 6-9. In other words, the respondent argues that the petitioner did not give the Wisconsin Supreme Court the opportunity to review the three claims he has presented to this court. The respondent urges the court to apply the reasoning in Crockett to find that the fact that the petitioner raised the issues in a §974.06 motion did not cure the petitioner's failure to present his claims to the Wisconsin Supreme Court on direct appeal. Id. at 8-9.

In the Crockett case, Crockett was convicted of first-degree murder and attempted armed robbery for his role in the death of his girlfriend. 807 F.3d at 162. He appealed, arguing that the State had failed to present proof other than his confession that he had committed the crime. Id. at 164. He also argued that a law enforcement officer's testimony violated the Confrontation Clause. Id. The Illinois Appellate Court agreed with the first argument but not the second. Id. Crockett did not seek leave to appeal that decision to the Supreme Court of Illinois. Id.

Crockett was re-sentenced and again appealed. Id. at 164-65. He renewed his Confrontation Clause claim from the first appeal, but added in a new claim challenging the sufficiency of the evidence. Id. at 165. The Illinois Appellate Court held that Crockett had waived the sufficiency of the evidence challenge by failing to raise it during his first appeal. Id. The court also found that the claim failed on its merits. Id. It rejected the Confrontation Clause claim because it had done so in the first appeal. This time, Croclett sought leave to

9

Case 2:21-cv-00723-PP   Filed 11/22/23   Page 9 of 20   Document 10

appeal to the Supreme Court of Illinois, but the court of appeals denied the petition. Id.

Crockett filed a federal *habeas* petition. Id. at 165-66. The federal district court found that Crockett had procedurally defaulted on both the sufficiency and the Confrontation Clause claims and that he had not shown actual innocence to excuse the default. Id. at 166. The Seventh Circuit held on appeal that because Crockett failed to seek to seek Illinois Supreme Court review of the Confrontation Clause ruling during his *first* appeal, he had procedurally defaulted on that claim and had not shown cause and prejudice or actual innocence to excuse it. Id. (citing O'Sullivan v. Boerckel, 526 U.S. 838 (1999)). The Seventh Circuit held that the *second* appeal "could not cure [the] earlier default, even though Crockett petitioned for leave to appeal to the Supreme Court of Illinois in the second appeal." Id. The federal appellate court explained that "[w]hen faced with the same Confrontation Clause claim a second time, the Illinois Appellate Court rejected it based not on the merits but on the law of the case doctrine: a previous decision on the merits by an appellate court is final and conclusive in a second appeal in the same case." Id. (citation omitted). Thus, the Seventh Circuit said, "the Supreme Court of Illinois never had the chance to address the Confrontation Clause claim on the merits." Id. And, the Seventh Circuit found, Crockett had waived his sufficiency of the evidence argument by failing to raise it in his first appeal; the Seventh Circuit found that that ruling constituted an "adequate and independent" state law ground, which meant that the federal court could not address it. Id.

There are some similarities between what happened in Crockett and what happened in this case, but given the differences in Illinois and Wisconsin law, Crockett is not squarely on point. In his direct appeal, Crockett did not

10

challenge the sufficiency of the evidence. Here, the petitioner did not raise his ineffective assistance of appellate counsel, insufficiency of the evidence or due process claims (or any other claims) in response to Attorney Kachelski's no-merit brief, nor did he file a petition for review with the Wisconsin Supreme Court raising those claims.

Crockett raised his Confrontation Clause claim in his first appeal, but when the Illinois Appellate Court ruled against him, he failed to seek review of that decision by the Supreme Court of Illinois. Crockett, 807 F.3d at 166. After his resentencing, Crockett filed a second appeal, raising the same Confrontation Clause claim; in the second appeal, the Illinois Appellate Court rejected the claim, not on the merits, but because "a previous decision on the merits by an appellate court is final and conclusive in a second appeal in the same case." Id. (citation omitted). That meant that the Supreme Court of Illinois never had the opportunity to decide the Confrontation Clause claim on its merits, so the Seventh Circuit concluded that Crockett had procedurally defaulted on that claim. Id. at 166-67.

The respondent here argues that the circumstances of this case are "identical" to the circumstances in Crockett. Dkt. No. 8 at 8. She asserts that here, just as in Crockett, "the habeas petitioner presented his federal claim to the state's highest court for discretionary review only on his second state appeal, but not on his first." Id. She contends that in this case, "the court of appeals rejected Crawford's claims on collateral review for procedural default," which means the court of appeals never reached the merits of the petitioner's claims and thus that the Wisconsin Supreme Court could not have reached those merits unless it disagreed with the procedural ruling of the court of appeals. Id. at 9.

11

The court cannot agree with the respondent that the procedural circumstances of this petition are "identical" to those in Crockett, or that Crockett is determinative of the outcome of the respondent's motion. When the Wisconsin Court of Appeals rejected this petitioner's motion to reconsider its summary affirmation of his conviction, he—like Crockett—failed to file a petition of review with the Wisconsin Supreme Court. Unlike Crockett, however, the petitioner in this case raised his claims, not in a second appeal, but in a §974.06 motion, which specifically allows a Wisconsin defendant to move to vacate, set aside or correct his sentence *after* the time for appeal or §974.02 relief has expired if the defendant argues that the sentence "was imposed in violation of the U.S. constitution or the constitution or laws" of Wisconsin. Wis. Stat. §974.06(1). A §974.06 motion is "part of the original criminal action, is not a separate proceeding and may be made at any time." Wis. Stat. §974.06(2). So this court must consider, not whether the petitioner's *second appeal* "cured" the fact that he did not raise his claims in a direct appeal, but whether his *§974.06 motion* "cured" his failure to raise those claims on direct appeal.

The answer to that question hinges on the Wisconsin Supreme Court's decision in Escalona-Naranjo. Section 974.06(4) instructs that

> [a]ll grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted for which sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

In other words, a person must raise *all* the claims he wishes to raise in his original §974.06 motion; he won't get another bite at the §974.06 apple. But in

12

Escalona-Naranjo, the Wisconsin Supreme Court held that this bar on successive filings was not limited to §974.06 motions. See Garcia, 28 F.4th at 772. The Escalona-Naranjo court explained that the purpose of §974.06 is "to require criminal defendants to consolidate all their postconviction claims into *one* motion or appeal." Escalona-Naranjo, 185 Wis. 2d at 178 (emphasis in the original). The court held that "a prisoner may not raise in a section 974.06 motion a federal constitutional issue that was raised *or could have been raised* in a postconviction motion under section 974.02 or on direct appeal." Garcia, 28 F.4th at 772 (citing Escalona-Naranjo, 185 Wis. 2d at 181-182. "[U]nder section 974.06(4) and *Escalona-Naranjo*, all available claims for postconviction relief must be raised in a first postconviction motion under section 974.02 or in direct appeal," unless the petitioner establishes a "'sufficient reason' for not bringing the claims earlier." Id. at 773.

The petitioner did not file a §974.02 postconviction motion, so he did not raise his ineffective assistance of appellate counsel, insufficiency of the evidence or due process claims with the trial court. He did not raise his three federal claims in opposition to the no-merit report, and as the Wisconsin Court of Appeals noted regarding his §974.06 motion, that court has held that "when a defendant's postconviction issues have been addressed by the no merit procedure under WIS. STAT. RULE 909.32, the defendant may not thereafter again raise those issues or other issues that could have been raised in the previous motion, absent the defendant demonstrating a sufficient reason for failing to raise those issues previously." Tillman, 281 Wis. 2d at 168 (citing Escalona-Naranjo, 185 Wis. 2d at 181-82). The petitioner did not raise his three federal *habeas* issues in a direct appeal from the summary affirmation of his conviction. He did not raise them in his "motion to reconsider." Dkt. No. 8-

13

4. The first time the petitioner raised his three federal claims was in the §974.06 motion he filed with the trial court after his conviction was summarily affirmed.

Because the petitioner did not raise these claims at any of his four earlier opportunities to do so (a §974.02 motion, a response to the no-merit report, his motion to reconsider or an appeal from the denial of the motion to reconsider), even though he could have done so, he has procedurally defaulted on those claims unless he has shown "*sufficient* reason" for not raising the claims in one of the earlier proceedings. The petitioner has not made that showing. The petition asserts that the petitioner "exhausted [his] state remedies on ground one in a 974.06 postconviction motion." Dkt. No. 1 at 1. It does not explain why the petitioner did not file a §974.02 motion, or why he did not file a response to the no-merit report, or why he did not appeal the court of appeals' denial of his motion to reconsider.

This is why the Wisconsin Court of Appeals denied the petitioner's §974.06 motion—because he did not litigate his claims at his earliest opportunity and did not provide a sufficient reason for failing to do so. The Seventh Circuit has held that "*Escalona-Naranjo*'s bar constitutes an adequate and independent state procedural ground, which forecloses federal review." Whyte v. Winkleski, 34 F.4th 617, 624 (7th Cir. 2022) (citing Garcia, 28 F.4th at 767 and Perry v. McCaughtry, 308 F.3d 682, 690, 692 (7th Cir. 2002)). Because the Wisconsin Court of Appeals based its decision on a ground that was independent from the federal claims (ineffective assistance, insufficiency of the evidence and due process) and because that ground is adequate to support the decision, this court cannot review the merits of the petitioner's sufficiency-

14

of-the evidence and due process claims. Id. at 623 (quoting Triplett v. McDermott, 996 F.3d 825, 829 (7th Cir. 2021)).

The petitioner's ineffective-assistance-of-counsel claim, however, is different. The petitioner asserts that Attorney Kachelski was ineffective when she filed a no-merit report with the court of appeals. Dkt. No. 1 at 5. He asserts that there were "lots of (merits) within this appeal case," but that Attorney Kachelski "did not look over [his] case like she was supposed to . . . ." Id. The petitioner could not have raised this issue in a §974.02 postconviction motion; he would have filed that motion before filing an appeal, and before he had any concerns with his *appellate* counsel. The first possible opportunity the petitioner had to raise his ineffective-assistance-of-*appellate*-counsel claim would have been in a response to the no-merit report.

As the court has discussed, the petitioner did not respond to the no-merit report, so he did not raise the issue at that time. He did not criticize Attorney Kachelski's performance until after the court of appeals had affirmed his conviction based on the no-merit report, and even then, he did not assert "ineffective assistance." He told the court of appeals that Attorney Kachelski had not reviewed his transcripts with him and that she had "sold him out" by filing a no-merit report. But as Chief Judge Peterson of the Western District of Wisconsin has had occasion to note more than once, "the Court of Appeals for the Seventh Circuit has held that *Escalona-Naranjo* is not an 'adequate basis' for rejecting a Wisconsin habeas petitioner's claim when the default was caused by the petitioner failing to raise the claim in his pro se response to a no-merit brief, especially when the allegedly defaulted claim involves ineffective assistance of trial counsel." Redman v. Meisner, No. 15-cv-353-jdp, 2018 WL 5832139, at *4 (W.D. Wis. Nov. 7, 2018) (citing Johnson v. Thurmer, 624 F.3d

15

786, 789-91 (7th Cir. 2010); Morales v. Boatwright, 580 F.3d 653, 660-62 (7th Cir. 2009); Page, 343 F.3d at 907-09). See also Alexander v. Boughton, No. 17-cv-786-jdp, 2019 WL 1176599, at *2 (W.D. Wis. March 27, 2019) ("the Court of Appeals for the Seventh Circuit has repeatedly held that *Escalona-Naranjo* is not an adequate basis for rejecting a claim for ineffective assistance of counsel when the default was caused by the petitioner failing to raise that claim during a no-merit appeal").

Why has the Seventh Circuit reached this conclusion? First, because Wis. Stat. §974.02(2) requires an appellant to file a postconviction motion in the trial court prior to filing an appeal, unless the grounds are insufficiency of the evidence or "issues previously raised." That means that the petitioner would have had to raise his ineffective assistance of appellate counsel claim in a §974.02 motion—a motion that, as Judge Peterson pointed out in Redman, an appellate lawyer who believed the petitioner had no meritorious appellate issues is not likely to have filed. See Redman, 2018 WL 5832139, at *5. Put another way,

> [o]n one hand, Wisconsin courts held that ineffective assistance of trial claims were defaulted if they related to trial conduct and were not brought in response to the no-merit report. On the other, the state courts required ineffective assistance claims that dealt with trial errors to be raised in a separate post-conviction motion in the trial court prior to the no-merit appeal or they were waived.

Johnson, 624 F.3d at 790 (discussing the court's holding in Page).

Second, the Seventh Circuit has explained that a criminal defendant has a Sixth Amendment right to effective assistance of counsel through his first appeal as of right, and that it would be "incongruous to maintain that [a defendant] has a Sixth Amendment right to counsel on direct appeal, but then to accept the proposition that he can waive such right by simply failing to

16

assert it in his pro se response challenging his counsel's *Anders* motion." Page, 343 F.3d at 909.

Although the Page court was talking about claims of ineffective assistance of *trial* counsel, the Seventh Circuit has reached the same conclusion regarding a claim of ineffective assistance of *appellate* counsel who filed a no-merit report, in a case with facts strikingly similar to the facts here. In Johnson v. Thurmer, Johnson's appointed appellate counsel filed a no-merit report with the Wisconsin Court of Appeals. Johnson, 624 F.3d at 789. Counsel identified four possible meritorious issues for appeal, but did not identify ineffective assistance of trial counsel as one of them. Id. Johnson did not respond to the no-merit report and the court of appeals, finding no meritorious issues, affirmed Johnson's conviction; the Wisconsin Supreme Court denied Johnson's petition for review. Id. The Seventh Circuit held that if Johnson "had responded to the no-merit report claiming that his appellate counsel was deficient for not addressing trial counsel's errors, he would have been subject to the same Catch-22 that we found dispositive in *Page*, among other problems." Id. at 790.

The respondent tries to avoid this conclusion by arguing that in State v. Allen, 328 Wis. 2d 1 (Wis. 2010), the Wisconsin Supreme Court held that "while a defendant is not *required* to file a response to a no-merit brief, he 'may not raise issues in a subsequent §974.06 motion that he could have raise in a response to a no-merit report, absent a 'sufficient reason' for failing to raise the issues earlier in the no-merit appeal.'" Dkt. No. 8 at 12 (quoting Allen, 328 Wis. 2d at 5). As other courts have explained, however, although Allen appears to contradict Page and its progeny, until the Seventh Circuit says otherwise, Page and Johnson bind this court. See Jackson v. Richardson, No. 20-cv-665, 2022

17

WL 4328974, at *5 (E.D. Wis. Sept. 19, 2022) ("*Page* and *Johnson* remain binding."); Redman, 2019 WL 5832139, at *5 ("Until the Court of Appeals for the Seventh Circuit addresses the issues and decides whether *Escalona-Naranjo* in an 'adequate' state procedural bar after *Allen*, I will continue to follow the court of appeals' holdings in *Johnson* and *Page*.").

The court acknowledges that it does not know which issues the petitioner believes had merit but that Attorney Kachelski failed to identify. In Johnson, the petitioner appears to have argued that his *appellate* counsel provided ineffective assistance by, among other things, failing to challenge his *trial* counsel's errors. The petitioner in this case has not stated whether he believes that Attorney Kachelski was ineffective for failing to challenge the effectiveness of the assistance his *trial* counsel provided him; the petition alleges only that Kachelski did not "look over" the petitioner's case and thus did not see that there were "lots of (merits)" in it. Dkt. No. 1 at 5. The court also is aware that the proper procedure for a criminal defendant to challenge the effectiveness of his *appellate* counsel is to file his §974.06 postconviction petition in the *court of appeals*, not the trial court. See State v. Knight, 168 Wis. 2d 509, 522 (Wis. 1992) ("to bring a claim of ineffective assistance of appellate counsel, a defendant must petition the appellate court that heard the appeal for a writ of habeas corpus"). But as the Seventh Circuit has explained, that fact is the source of confusion in Wisconsin. Boatwright, 580 F.3d at 658. These nuances may matter, but the court infers from the Seventh Circuit's description of Wisconsin's labyrinthine postconviction procedure and the conclusions it reached in Page and Thurman that it is appropriate to err on the side of concluding that the petitioner's ineffective assistance of appellate counsel claim is not barred.

18

The court cannot conclude that the Escalona-Naranjo procedural bar constitutes an adequate and independent state law ground as applied to the petitioner's ineffective assistance of counsel claims. Because the Wisconsin Court of Appeals did not rely on an adequate and independent state law ground when it dismissed the petitioner's ineffective assistance of appellate counsel claim, the court must require the parties to brief that claim on its merits.

**III. Conclusion**

The court **GRANTS** the respondent's motion to dismiss as to the petitioner's second ground for relief (that the evidence at trial was insufficient to prove the elements or the homicide and prohibited-person-in-possession-of-a-firearm charges) and his third ground for relief (that his Fourteenth Amendment rights were violated because there was not sufficient evidence to prove him guilty beyond a reasonable doubt). Dkt. No. 7.

The court **DENIES** the respondent's motion to dismiss as to the petitioner's first ground for relief—ineffective assistance of appellate counsel. Dkt. No. 7.

The court **ORDERS** that within sixty (60) days of the date of this order, the respondent must answer the petitioner's claim of ineffective assistance of appellate counsel and show cause, if any, why the writ should not issue.

Once the respondent answers the petitioner's ineffective assistance of appellate counsel claim, the petitioner *must not* object to that answer. Instead, the court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of that claim:

(1) The petitioner has forty-five (45) days after the respondent files her answer to file a brief in support of his petition (in this brief, the petitioner

should explain why he believes the court should grant him the *habeas* relief he requests on his ineffective-assistance-of-appellate-counsel claim);

(2) the respondent has forty-five (45) days after the petitioner files his initial brief to file the respondent's brief in opposition to the petition; and

(3) the petitioner has thirty (30) days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above. Under Civil Local Rule 7(f) (E.D. Wis.), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 22nd day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**